IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV85
(1:00CR6-4)

TAMMY MARIE LOGAN, )
)
    Petitioner, )
)
Vs. )
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
_____ )

FILED
ASHEVILLE, N. C.

MAY - 2 2005

U.S. DISTRICT COURT
W. DIST. OF N. C.

**MEMORANDUM AND**
**ORDER OF DISMISSAL**

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. No response is necessary from the government.

A prisoner in federal custody may attack her conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

On February 10, 2000, the Petitioner and nine co-Defendants were charged in a 19-count bill of indictment with conspiracy to possess with intent to distribute a quantity of cocaine base (Count One) and possession with intent to distribute cocaine base (Count Thirteen). **Bill of**

**Indictment, filed February 10, 2000.** On April 19, 2000, the Petitioner entered a plea of guilty to the two counts of the indictment in which she was charged, and thereafter, the undersigned sentenced the Petitioner to a term of 121 months of imprisonment. **Judgment in a Criminal Case, filed December 28, 2000.** On appeal, the Fourth Circuit affirmed the Petitioner's conviction and sentence on March 27, 2002; the Supreme Court denied her petition for a writ of *certiorari* on October 15, 2002. ***United States v. Logan*, 31 Fed. Appx. 256 (4th Cir.), *cert. denied*, 537 U.S. 963 (2002).** Therefore, the Petitioner's conviction became final on October 15, 2002. Petitioner's § 2255 motion was filed on April 11, 2005, although it appears the Petitioner delivered it to prison authorities for mailing on or about April 7, 2005.

> Prior to the Antiterrorism and Effective Death Penalty Act (AEDPA), a prisoner possessed virtually unlimited amounts of time to file a first petition for collateral review under 28 U.S.C. §§ 2254 and 2255. In an attempt to curb the protracted nature of such litigation, Congress established a one-year period of limitations. . . . In relevant part, the AEDPA amended § 2255 by adding the following language:
>
>> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>> (1) the date on which the judgment of conviction becomes final; . . . .
>
> We are left with the question of when a judgment is to be considered final. The Supreme Court has addressed the question of finality in the context of retroactivity. The Court defined a conviction as being final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."

***Gendron v. United States*, 154 F.3d 672, 673-74 (7th Cir. 1998) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).** Because the motion was filed some two years and six months after the Petitioner's conviction became final, the undersigned, therefore, concludes this motion is untimely filed. *Id.*

Moreover, even if the petition was timely, the motion would be futile. The Petitioner seeks relief, *inter alia*, based on the recent Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Booker v. United States*, 125 S. Ct. 738 (2005).

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions that were final at the time it was decided. **United States v. Price, ___ F.3d ___, 2005 WL 53561 (10th Cir. 2005); Varela v. United States, ___ F.3d ___, 2005 WL 367095 (11th Cir. 2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Marshall, 117 Fed. Appx. 269, 270 (4th Cir. 2004).**

As for *Apprendi*, the Supreme Court there held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. However, the Fourth Circuit has held that *Apprendi* may not be applied retroactively to cases on collateral review. *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002). Likewise, regarding the Supreme Court's decision in *Booker*, every circuit court which has addressed the issue of whether or not the ruling in *Booker* is retroactive to cases on collateral review has determined that it is not. *See, Green, supra; McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude, then, that **Booker does not apply retroactively to criminal cases that became final before its release on**

January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005). Such is the case here.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence is hereby **DISMISSED WITH PREJUDICE**.

**THIS** the 28th day of April, 2005.

LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE